IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

KINGDOM INSURANCE GROUP, LLC, et al.,

    Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE COMPANY, et al.,

    Defendants.

Civil Action No. 7:09-CV-113 (HL)

## ORDER

This matter is before the Court on Plaintiffs' (collectively "Kingdom") request for attorneys' fees and costs found in their Motion to Remand (Doc. 6). For the following reasons, the request is denied.

**I. BACKGROUND**

On May 4, 2010, the Court granted Kingdom's Motion to Remand this case to the Superior Court of Thomas County (Doc. 18). The Motion to Remand specifically requested an award of attorneys' fees and costs. However, since the Defendants did not address Kingdom's fees request in their responsive briefs, the Court allowed the Defendants to file a responsive brief on the fees issue. The Defendants filed a brief opposing an award of attorneys' fees. Kingdom replied. Having reviewed the record evidence and the arguments of the parties, Kingdom's request for attorneys' fees is denied.

## II. ATTORNEYS' FEES STANDARD

Title 42 U.S.C. § 1447(c) provides that federal courts may award attorneys' fees and costs to a successful plaintiff on a motion to remand. Attorneys' fees should only be awarded under this provision where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005).

There is no definition for what constitutes "an objectively reasonable basis" for removal. "Courts that have applied the Martin standard seem to focus upon whether the removing party has offered a credible reason for removal, even if it turns out by subsequent events that the removing party was wrong on the facts or was wrong on the law." Fernandez v. Pilot Travel Ctrs., LLC, 2007 WL 33789848, at *2 (M.D. Fla. Nov. 14, 2007).

## III. ANALYSIS

Because the damages sought by Kingdom in its complaint were unspecified, the Defendants on removal had to show by a preponderance of the evidence that the amount in controversy exceeded $75,000. Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007) ("[W]here damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.").

Kingdom argues that the Defendants unreasonably removed the case because they failed to identify an unambiguous statement clearly establishing jurisdiction.

The Court does not agree with Kingdom. The "unambiguous statement" standard for removal is unclear. The standard may possibly be that the complaint and the removal documents must together "unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1213. Alternatively, the standard may be that "an unambiguous statement that clearly establishes federal jurisdiction" must be found in one document. Id. at 1215 n. 63 ("Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.").

As the requirements of the removal standard are unsettled, even after the Eleventh Circuit clarified Lowery's "receipt from the plaintiff" limitation in Pretka v. Kolter City Plaza II, 2010 WL 2278358 (11th Cir. June 8, 2010), the Court cannot find that the Defendants' decision to remove the case in the absence of a single unambiguous statement was objectively unreasonable. The Defendants' evidence, taken as a whole, showed it was possible that the amount in controversy exceeded $75,000. It was therefore objectively reasonable for the Defendants to believe that the aggregate evidence satisfied the preponderance of the evidence standard.

## IV. CONCLUSION

For the explained reasons, Kingdom's request for its attorneys' fees is denied. The parties are to pay their own costs and attorneys' fees.

**SO ORDERED**, this the 21st day of July, 2010.

                              *s/ Hugh Lawson*
                              **HUGH LAWSON, SENIOR JUDGE**

lmc